IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GWENDOLYN Y. PEOPLES       §
§
      Plaintiff,       §
§
VS.       §       NO. 3-10-CV-0190-O
§
CITY OF DALLAS       §
§
      Defendant.       §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Gwendolyn Y. Peoples, who is appearing *pro se*, was ordered to attend a Rule 26(f) conference and participate in the preparation of a joint status report and proposed scheduling plan, to file a written response to a show cause order by March 12, 2010, and to attend a show cause hearing on March 25, 2010. Because plaintiff has not complied with any of these orders, her pleadings should be stricken and her claims dismissed with prejudice.

I.

On December 29, 2009, plaintiff sued her former employer, the City of Dallas ("the City"), in Texas state court for alleged violations of the Texas Whistleblower Act, Tex. Gov't Code Ann. § 554.001, *et seq.*, and the right to free speech guaranteed by the First Amendment to the United States Constitution. The City timely removed the case to federal district court on the basis that plaintiff's free speech claim "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Following removal, the court issued an order requiring plaintiff and counsel for the City to hold a Rule 26(f) conference by February 16, 2010, and submit a joint status report and proposed scheduling plan by March 2, 2010. The order provides that anyone who fails to

participate in the conference or who fails to sign the joint status report will be subject to sanctions. *See* Order, 2/4/10 at 1, ¶ 1 & 3, ¶ 2. On February 26, 2010, the City advised the court that plaintiff refused to return telephone calls or acknowledge correspondence asking for a Rule 26(f) conference. Nor would plaintiff assist in the preparation of a joint status report. Upon receipt of that advisory, the court ordered plaintiff "to show cause why sanctions should not be imposed for failing to participate in a Rule 26(f) conference and the preparation of a joint status report and proposed scheduling plan." *See* Order, 3/3/10 at 1. Plaintiff was directed to file a written response to the show cause order by March 12, 2010, and warned that "[t]he failure to comply with this order may result in the imposition of additional sanctions, including an order striking plaintiff's pleadings and dismissing this action." *Id.* at 1-2, *citing* FED. R. CIV. P. 16(f)(1). When plaintiff failed to respond to the show cause order, the court scheduled a hearing for March 25, 2010 at 9:00 a.m. Plaintiff was ordered "to attend this hearing in person, then and there to show cause why she should not be sanctioned for failing to respond to the March 3, 2010 show cause order or participate in the preparation of a joint status report and proposed scheduling plan." *See* Order, 3/16/10 at 2. Once again, plaintiff was warned that sanctions may be imposed if she failed to attend the show cause hearing, "including striking her complaint and dismissing this action with or without prejudice." *Id.*, *citing* FED. R. CIV. P. 16(f)(1). Although plaintiff was duly notified of the show cause hearing, she failed to appear and did not communicate with the court or opposing counsel regarding her absence.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A)    fails to appear at a scheduling or other pretrial conference;

* * * *

(C)    fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The record in this case documents a clear history of delay and contumacious conduct by plaintiff. Not only did plaintiff fail to attend a Rule 26(f) conference or participate in the preparation of a joint status report and proposed scheduling plan, but she did not file a written response to a show cause order by March 12, 2010, or appear at a show cause hearing on March 25, 2010. Plaintiff was warned on three different occasions that her failure to comply with court orders may result in the imposition of sanctions. *See* Orders, 2/4/10, 3/3/10, 3/16/10. Two of those warnings specifically advise that such sanctions may include an order striking her pleadings and dismissing this action. *See* Orders, 3/3/10, 3/16/10. Although plaintiff was given two opportunities to explain her actions

to the court, she failed to take advantage of those opportunities. Under these circumstances, extreme sanctions are warranted. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *2 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010) (complaint stricken and case dismissed with prejudice where *pro se* plaintiff failed to attend Rule 16 conference and show cause hearing); *Petito v. Brewster*, No. 3-08-CV-0006-L, 2008 WL 906065 at *4 (N.D. Tex. Mar. 31, 2008), *aff'd*, 562 F.3d 761 (Table), 2009 WL 682392 (5th Cir. Mar. 17, 2009) (pleadings stricken and case dismissed where *pro se* plaintiff failed to appear at two hearings without justification or excuse); *Eric D. Fein, P.C. & Assoc. v. Dinli Metal Industrial Co.*, No. 3-07-CV-0012-K, 2007 WL 1741249 at *2 (N.D. Tex. Jun. 14, 2007) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (same); *Gonzales v. HT&T Architects, Inc.*, No. 3-98-CV-0190-BD, 1998 WL 574381 at *2 (N.D. Tex. Aug. 31, 1998) (default judgment entered against defendant for failure to obtain counsel or appear at conference).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

## RECOMMENDATION

Plaintiff failed to attend a Rule 26(f) conference and participate in the preparation of a joint status report and proposed scheduling plan, failed to file a written response to a show cause order

by March 12, 2010, and failed to attend a show cause hearing on March 25, 2010--all without justification or excuse. As a result, her pleadings should be stricken and her claims dismissed with prejudice. *See* FED. R. CIV. P. 16(f) (1) & 37(b)(2)(A)(iii) & (v).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 25, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE